1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AARON MEYERS,                            No.  2:12-cv-0958-GEB-KJN (HC)

12              Petitioner,

13        v.                                  ORDER AND FINDINGS &
                                              RECOMMENDATIONS
14   CENTINELA STATE PRISON,

15              Respondent.

16

17        Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with an application

18   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2009

19   conviction for first degree murder.  This action is proceeding on petitioner's original petition,

20   filed April 10, 2012.  Petitioner raises four claims in his petition.  On June 6, 2012, respondent

21   filed a motion dismiss.  (ECF No. 13.)  Therein, respondent contends that petitioner's second,

22   third, and fourth claims are unexhausted.  Petitioner failed to timely file a response to the motion.

23   For that reason, on July 31, 2012, petitioner was ordered to file either an opposition to the motion

24   or a statement of non-opposition within thirty days.  (ECF No. 15.)

25        On August 29, 2012, petitioner filed a motion for extension of time, which was granted by

26   order filed September 10, 2012.  (ECF Nos. 16, 17.)  On November 13, 2012 petitioner filed for

27   another extension of time.  (ECF No. 19.)  In an order filed January 3, 2013, the court found that

28   petitioner had failed to exhaust state court remedies as to his second, third and fourth claims for

                                              1

1   relief and, therefore, that the original petition in this action is a mixed petition containing both

2   exhausted and unexhausted claims which must be dismissed unless petitioner seeks and obtains a

3   stay of these proceedings to exhaust state court remedies with respect to those claims. (ECF No.

4   20 at 2-3.)  The court therefore granted petitioner sixty days to file either a motion to stay these

5   proceedings or an amended petition raising only his exhausted claim, and deferred ruling on

6   respondent's motion to dismiss.

7          On March 11, 2013, petitioner filed a petition for habeas corpus styled as a first amended

8   petition for writ of habeas corpus.  (ECF No. 21.) The petition names the California Supreme

9   Court as respondent, bears a different case number than the one assigned to this action, and

10  contains petitioner's three unexhausted claims for relief.   It was not accompanied by a motion to

11  stay these proceedings.  The court issued an order on March 20, 2013 denying respondent's

12  motion to dismiss without prejudice and granting petitioner fifteen days to clarify whether his

13  March 11, 2013 filing was a copy of a petition that he had filed in the California Supreme Court

14  and, if so, whether he was seeking to stay this action pending disposition of that state court action.

15  (ECF No. 22.)

16         On May 3, 2013, petitioner filed a letter with the court stating that the petition filed in this

17  court on March 11, 2013 was intended for the California Supreme Court.  (ECF No. 24.)  On June

18  11, 2013, the court issued an order directing the Clerk of the Court to return petitioner's March

19  11, 2013 petition to him and granting petitioner twenty days to file a motion to stay the

20  proceedings in this court while petitioner's exhaustion petition is pending in the California

21  Supreme Court.  (ECF No. 25.)  Presently before the court is petitioner's motion to stay the

22  proceedings in this court, filed on June 26, 2013.  (ECF No. 26.)  Respondent has filed an

23  opposition to this motion (ECF No. 28), in which respondent contends that petitioner's motion to

24  stay should be denied because petitioner fails to make a sufficient showing under Rhines v.

25  Weber, 544 U.S. 269, 277 (2005).

26         In Rhines, the United States Supreme Court held that a district court has discretion in

27  "limited circumstances" to stay a mixed petition containing both exhausted and unexhausted

28  claims pending exhaustion of state court remedies.  Rhines, 544 U.S. at 277.  A stay under Rhines

2

1   is "only appropriate when the district court determines that there was good cause for the

2   petitioner's failure to exhaust his claims first in state court" and is unavailable for "plainly

3   meritless" claims.  Id.  Here, petitioner has not shown any cause for his failure to exhaust his

4   unexhausted claims in the California Supreme Court before filing his federal habeas corpus

5   petition; petitioner merely states that he would "like to stay these proceedings in this court until a

6   conclusion comes about in the California Supreme Court."  (ECF No. 26 at 1.)  For that reason, a

7   stay under Rhines is not appropriate.

8       However, in King v. Ryan, 564 F.3d 1133 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009),

9   the United States Court of Appeals for the Ninth Circuit held that the courts still have discretion

10  to utilize an alternate three-step procedure developed in circuit precedent after the United States

11  Supreme Court's holding in Rhines.  King, 564 F.3d at 1140.  This three-step procedure allows

12  "(1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its

13  discretion to stay and hold in abeyance the amended, fully exhausted petition, providing the

14  petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the

15  claims have been exhausted in state court, the petitioner to return to federal court and amend[ ]

16  his federal petition to include the newly-exhausted claims."  Id. at 1139 (citing, inter alia,

17  Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315

18  F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d

19  1143, 1149 (9th Cir. 2007)).  The so-called Kelly procedure "does not require that a petitioner

20  show good cause for his failure to exhaust state court remedies."  King, at 1135.

21      After review of petitioner's motion, and good cause appearing, this court construes

22  petitioner's motion to include a request to delete his unexhausted claims.  So construed, that

23  request will be granted.  Petitioner also requests that the instant action be stayed and held in

24  abeyance while he presents his unexhausted claims to the state court.  Under King and Kelly, this

25  request should be granted.[1]  Petitioner should be cautioned that this action will not proceed

26

27  _____
    [1] After petitioner's state court petition is resolved, petitioner would be required to seek leave from
    this court to amend his petition to add any newly exhausted claims back into this action.  This
28  court makes no findings at this time concerning whether leave to amend would be granted.

1  further unless and until he files a motion to lift the stay, and he should directed to file a motion to

2  lift the stay within thirty days from the date of any final order by the California Supreme Court

3  resolving his state exhaustion petition.

4          In accordance with the above, IT IS HEREBY ORDERED that:

5          1.  Petitioner's June 26, 2013 motion for stay (ECF No. 26.) is construed as including a

6  request to delete his unexhausted claims and, so construed, is granted;

7          2.  Petitioner's original petition, filed April 10, 2012, is deemed amended by the deletion

8  of claims two, three, and four, all of which are unexhausted;

9          IT IS HEREBY RECOMMENDED that

10          1.  Petitioner's June 26, 2013 motion for stay and abeyance (ECF No. 26) be granted;

11          2.  This action be stayed pending exhaustion of state court remedies with respect to

12  petitioner's unexhausted claims;

13          3.  This action not proceed further unless and until petitioner files a motion to lift the stay,

14  which should be filed within thirty days from the date of any final order by the California

15  Supreme Court resolving his state exhaustion petition; and

16          4.  The Clerk of the Court be directed to administratively close this case.

17          These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22  objections shall be filed and served within fourteen days after service of the objections.  The

23  parties are advised that failure to file objections within the specified time may waive the right to

24  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  Dated:  November 6, 2013

26

27                           KENDALL J. NEWMAN
                         UNITED STATES MAGISTRATE JUDGE

28